UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

EVANGELINA BERNAL

    Plaintiff,

v.

AKAM ON-SITE, INC.

    Defendant,
_____/

## COMPLAINT

Comes now the Plaintiff, Evangelina Bernal, by and through the undersigned counsel, and hereby sues Defendant Akam On-Site, Inc., and alleges:

Introduction

This is an action for equitable and monetary relief brought by Plaintiff to readdress the violations of Plaintiff's rights pursuant to the Family Medical Leave Act (hereinafter "FMLA"), 29 USC. Section 2612 (a)(1), and the anti-retaliatory provisions found in Section 2615 (a)(1) and (2), and (b) (1). Defendant interfered with Plaintiff's rights to take an FMLA leave. Defendant terminated her employment because she was about to initiate proceedings to take an FMLA leave to take care of a serious medical condition and to complete her recovery.

Jurisdiction Venues and Parties

1. This is an action for damage whose amount exceeds Fifteen Thousand Dollars ($15,000.00) exclusive of interest, attorney's fees, and costs.

2. Plaintiff Evangelina Bernal is a resident of Broward County, Florida, within the jurisdiction of this Honorable Court.   Plaintiff is a covered employee for purposes of the FMLA.

3. Defendant Akam On-Site, Inc. (from now on, Akam On-Site, or Defendant) is a Florida corporation with a business in Dania Beach, Broward County, Florida. Defendant Akam On-Site was and is engaged in interstate commerce.

4. The venue of this action is properly placed in the Southern District of Florida, Fort Lauderdale Division, pursuant to 28 USC §1391(b), since the employment practices hereafter alleged to be unlawful were committed in Boward County, within the jurisdiction of this Honorable Court.

Allegations Common to all Counts

5. Plaintiff Evangelina Bernal is a 54-year-old qualified female member of the protected class within the purview of 29 USC Section 2601, The Family & Medical Leave Act, employed by Defendant. Accordingly, Plaintiff is a covered employee within the meaning of the FMLA.

6. Defendant Akam On-Site is a property management company Defendant has facilities located at 1815 Griffin Road, Suite 101 Dania Beach, Fl, 33004

7. Defendant Akam On-Site is engaged in an industry affecting commerce, employing 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year. Accordingly, Defendant is a covered employer within the meaning of the FMLA.

8. Defendant Akam On-Site employed Plaintiff Evangelina Bernal from approximately October 01, 2010, to April 5, 2022, or eleven years and eleven months.

9. Plaintiff was hired as a full-time housekeeper working 40 hours weekly or more. Plaintiff worked at Whitewahall Condominium located at 2000 S. Ocean Blvd. Boca Raton, FL

33432. Plaintiff had duties cleaning the building. At the time of her termination, Plaintiff's wage rate was $19.00 an hour.

10. Throughout her employment with Defendant, Plaintiff performed her duties satisfactorily. Plaintiff possessed all the required skills, training, and qualifications for the job in question and performed her duties without significant issue or controversy.

11. On or about December 09, 2021, Plaintiff was involved in a car accident outside of work and suffered injuries that required medical attention. Plaintiff was absent for four days with an approved leave.

12. On or about December 16, 2021, Plaintiff returned to work and resumed her duties, as usual, using the same tools and equipment she had been using for more than 12 years.

13. Plaintiff did not ask for any special accommodation.

14. On or about March 16, 2022, Manager Hilberto Feliciano asked Plaintiff to begin mopping with a large mop and a heavy bucket of water. Plaintiff informed the manager that she could not lift that heavy mop and water bucket because of her arm and elbow injuries. Before her accident, Plaintiff always used a smaller mop and liquid cleaners to mop the floors.

15. On or about March 21, 2022, Plaintiff gave the building manager Junia Valenzuela a doctor's note informing her that Plaintiff had certain lifting restrictions due to her injury. The manager stated that she was going to talk to HR, and they would make a decision.

16. On or about April 05, 2022, manager Junia Valenzuela informed Plaintiff that Defendant and the Board had met, and it was decided that Plaintiff should leave. Manager Junia Valenzuela also informed Plaintiff that she would be sent to work in another building.

Plaintiff waited in vain, but Defendant never called her. Plaintiff called Defendant many times, but they did not answer or return her calls.

17. Defendant did not notify Plaintiff about her eligibility status and rights and responsibilities under the FMLA. Defendant did not inform Plaintiff that her injury qualified her to take an FMLA leave to complete to take care of her serious health condition. Instead, Defendant fired Plaintiff.

18. Therefore, on or about April 05, 2022, Plaintiff was wrongfully terminated, and her rights under the provisions of the Family Medical Leave Act were violated.

19. Defendant Akam On-Site is subjected to the provisions of the Family and Medical Leave Act of 1993 (29 USC § 2601-2654), and Plaintiff was entitled to the FMLA leave. However, Defendant interfered with Plaintiff's protected rights under the FMLA. Defendant, in complete disregard of Plaintiff's rights under the Family Medical Leave Act, fired Plaintiff, preventing her from obtaining the benefits of an FMLA-protected leave and then continuing her job in her original position or an equivalent position.

20. Defendant willfully and wantonly denied or otherwise interfered with Plaintiff's substantive rights under FMLA, 29 USC. Sect 2615(a)(1), (a) (2), and 2615(b) (2) which states in pertinent part: (b) Interference with proceedings or inquiries........(2) It shall be unlawful for any person to discharge or in any other manner discriminate against any individual because such individual—has given, or is about to give, any information in connection with any inquiry or proceeding relating to any right provided under this subchapter."

21. As a direct and proximate cause of Defendant's willful, wanton, and malicious acts described above, Plaintiff has sustained damages for the loss of her employment, as well

as the security and peace of mind it provided her. Plaintiff has incurred additional damages, including lost wages, pain and suffering, mental anguish, and other damages connected with the loss of her job.

22. Plaintiff seeks to recover damages pursuant to the Family Medical Leave Act, and any other remedy, as allowable by law.

## COUNT I:
## VIOLATION OF FAMILY & MEDICAL LEAVE ACT OF 1993; INTERFERENCE WITH FMLA RIGHTS

23. Plaintiff Evangelina Bernal re-adopts every factual allegation about the Family Medical Leave Act as stated in paragraphs 1-29 above as if set out in full herein.

24. This is an action against corporate Defendant Akam On-Site for damages and injunctive relief for violation of the Family and Medical Leave Act of 1993 (29 USC § 2601-2654).

25. At all times relevant and material, Defendant Akam On-Site is an Employer under the FMLA, as defined in 29 USC § 2611(4). Defendant was always pertinent to this Complaint, engaged in interstate commerce, and employed 50 or more employees within a 75 miles radius of the facility where Plaintiff worked.

26. Plaintiff Evangelina Bernal is a qualified female member of the protected class within the purview of 29 USC Section 2601, The Family & Medical Leave Act.

27. Defendant Akam On-Site employed Plaintiff Evangelina Bernal from approximately October 01, 2010, to April 05, 2022, or more than eleven years and eleven eight months,

28. Plaintiff was hired as a full-time housekeeper. At the time of her termination, Plaintiff's wage rate was $19.00 an hour.

29. Plaintiff had worked for Akam On-Site for more than 1,250 hours in the 12 months preceding her need for medical leave.

30. At all times material, Plaintiff was qualified to perform her job as a housekeeper within the legitimate expectations of her Employer.

31. Plaintiff was eligible for the FMLA's protection

32. Akam On-Site was an Employer covered by the FMLA provisions.

33. Plaintiff was entitled to intermittent leave under the FMLA to complete her recovery.

34. Plaintiff provided sufficient notice of her need to take an intermittent FMLA leave.

35. Defendant Akam On-Site denied Plaintiff FMLA benefits to which she was entitled.

36. Defendant took materially adverse actions against Plaintiff and terminated her employment and benefits because she could exercise rights protected under FMLA

37. On or about April 05, 2022, Defendant terminated Plaintiff and deprived Plaintiff of FMLA entitlement by failing to inform her about her rights under the FMLA.

38. Therefore, on about May 05, 2022, Plaintiff was wrongfully terminated, and her rights under the provisions of the Family Medical Leave Act were violated.

39. Defendant Akam On-Site is subjected to the provisions of the Family and Medical Leave Act of 1993 (29 USC § 2601-2654). Accordingly, Defendant interfered with Plaintiff's rights.

40. 29 US CODE § 2615 states in pertinent part:

    **a) Interference with rights**
    **(1) Exercise of rights**
    It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any right provided under this subchapter.
    **(2) Discrimination**

    It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

41. Plaintiff was entitled to an FMLA leave. However, Defendant, in complete disregard of Plaintiff's protected rights under the Family Medical Leave Act, fired Plaintiff, preventing

her from obtaining the benefits of FMLA to take care of a serious health condition that made her temporarily unable to perform the functions of her position or to complete her recovery from a serious health condition, and then continuing her job in her original position or any equivalent position.

42. Defendant willfully and wantonly denied or otherwise interfered with Plaintiff's substantive rights under FMLA, 29 USC. Sect 2615(a)(1), (a) (2), and 2615(b) (2) which states in pertinent part: (b) Interference with proceedings or inquiries........(2) It shall be unlawful for any person to discharge or in any other manner discriminate against any individual because such individual—has given, or is about to give, any information in connection with any inquiry or proceeding relating to any right provided under this subchapter."

43. As a direct and proximate cause of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of her employment, as well as the security and peace of mind it provided her. Plaintiff has sustained mental, nervous, and emotional injury. Plaintiff has incurred additional damages, including lost wages, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and other damages attendant with the loss of her job. These damages have occurred in the past, are occurring at present, and will continue in the future.

44. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

<u>Prayer For Relief</u>

Wherefore, Plaintiff Evangelina Bernal respectfully requests that this Honorable Court will grant judgment:

A. Finding that Akam On-Site's actions towards Plaintiff to be violative of Plaintiff's rights under the FMLA;

B. Awarding Plaintiff Evangelina Bernal payment of all back wages, lost benefits, and other economic damages, including front pay, found by the Court to be due under FMLA;

C. Awarding Plaintiff an additional equal amount as liquidated damages for Defendant's willful violation of the FMLA;

D. Granting such other and further relief as is just and proper;

E. Awarding Plaintiff costs, including a reasonable attorney's fee.

Demand for a Jury Trial

Plaintiff Evangelina Bernal demands a trial by jury of all issues triable as a right by jury.

## COUNT II:
## VIOLATION OF FAMILY & MEDICAL LEAVE ACT OF 1993
## RETALIATION FOR EXERCISING FMLA RIGHTS

45. Plaintiff Evangelina Bernal re-adopts every factual allegation about the Family Medical Leave Act as stated in paragraphs 1-29 above as if set out in full herein.

46. This is an action against corporate Defendant Akam On-Site for damages and injunctive relief for violation of the Family and Medical Leave Act of 1993 (29 USC § 2601-2654).

47. At all times relevant and material, Defendant Akam On-Site is an Employer under the FMLA, as defined in 29 USC § 2611(4). Defendant was at all-time pertinent to this Complaint, engaged in interstate commerce, and employed 50 or more employees within a 75 miles radius of the facility where Plaintiff worked.

48. Plaintiff Evangelina Bernal is a qualified female member of the protected class within the purview of 29 USC Section 2601, The Family & Medical Leave Act.

49. Defendant Akam On-Site employed Plaintiff Evangelina Bernal from approximately October 01, 2010, to April 05, 2022, or more than eleven years and eleven eight months,

50. Plaintiff was hired as a full-time housekeeper. At the time of her termination, Plaintiff's wage rate was $19.00 an hour.

51. Plaintiff had worked for Akam On-Site for more than 1,250 hours in the 12 months preceding her need for medical leave.

52. At all times material, Plaintiff was qualified to perform her job as a housekeeper within the legitimate expectations of her Employer.

53. Plaintiff engaged in statutorily protected activity when she was about to give information related to an FMLA leave to complete her recovery from an injury suffered.

54. Defendant failed to inform Plaintiff about her rights under the FMLA and fired her almost immediately.

55. On or about May 05, 2022, Defendant terminated Plaintiff.

56. Plaintiff suffered a materially adverse action of a type that would dissuade a reasonable employee from engaging in statutorily protected activity. Specifically, Defendant terminated Plaintiff's employment.

57. There is a causal link between Plaintiff's protected activity and the adverse action.

58. Plaintiff was wrongfully terminated from her position in retaliation for her ability to exercise her rights under the Act, thereby adversely affecting Plaintiff.

59. Defendant Akam On-Site is subjected to the provisions of the Family and Medical Leave Act of 1993 (29 USC § 2601-2654). Defendant retaliated against Plaintiff violating 29 US CODE § 2615 and 29 CFR § 825.220, which states in pertinent part:

> § 825.220 Protection for employees who request a leave or otherwise assert FMLA rights.

    **(a)** The FMLA prohibits interference with an employee's rights under the law, and with legal proceedings or inquiries relating to an employee's rights. More specifically, the law contains the following employee protections:

    **(1)** An employer is prohibited from interfering with, restraining, or denying the exercise of (or attempts to exercise) any rights provided by the Act.

    **(2)** An employer is prohibited from discharging or in any other way discriminating against any person (whether or not an employee) for opposing or complaining about any unlawful practice under the Act.

60. Plaintiff was entitled to FMLA leave. However, Defendant, in complete disregard of Plaintiff's protected rights under the Family Medical Leave Act, acting in bad faith, fired Plaintiff, preventing her from obtaining the benefits of FMLA leave of absence to take care of a qualifying serious health condition and then continuing her job in her original position or any equivalent position.

61. Defendant willfully and wantonly denied or otherwise interfered and retaliated against Plaintiff for her attempts to exercise substantive rights under the Family Medical Leave Act.

62. As a direct and proximate cause of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of her employment, as well as the security and peace of mind it provided her. Plaintiff has incurred additional damages, including lost wages, pain and suffering, mental anguish, and other damages connected with the loss of her job.

63. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

<u>Prayer For Relief</u>

Wherefore, Plaintiff Evangelina Bernal respectfully requests that this Honorable Court will grant

judgment:

    A. Finding that Akam On-Site's actions toward Plaintiff are violative of Plaintiff's rights under the FMLA.

    B. Awarding Plaintiff Evangelina Bernal payment of all back wages lost benefits, and other economic damages, including front pay, found by the Court to be due under FMLA;

    C. Awarding Plaintiff an additional equal amount as liquidated damages for Defendant's willful violation of the FMLA;

    D. Granting such other and further relief as is just and proper;

    E. Awarding Plaintiff costs, including a reasonable attorney's fee.

<u>Jury Demand</u>

Plaintiff Evangelina Bernal demands a trial by a jury of all issues triable as a right by jury.

DATED: November 15, 2022

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, PA.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:   (305) 446-1500
Facsimile:   (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*